## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MADISON K.,**
**Respondent Below, Petitioner**

**v.)  No. 25-ICA-255**    (Fam. Ct. Ritchie Cnty. Case No.  FC-43-2021-D-1)

**JOHN S.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Madison K.[1] ("Mother") appeals the Family Court of Ritchie County's May 28, 2025, order that modified the September 14, 2021, parenting plan.[2] Respondent John S. ("Father") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the party's argument, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law.[3] For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were divorced by final order entered September 14, 2021, and they are the parents of one child who was born in 2017. In the final divorce order, the family court adopted the parties' agreed parenting plan. Mother was designated as the primary custodian of the parties' child and parenting time was as follows:

**Week One**: The Mother shall have custody of the child from each Monday at the end of the child's school day, or at 6:00 p.m., if no school, through

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Alyson A. Dotson, Esq.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

Friday at the end of the school day, or if no school at 6:00 p.m. The Father shall have custody of the child from Friday at the end of the school day, or if no school at 6:00 p.m., through Monday at the end of the child's school day, or if no school at 6:00 p.m.

**Week Two:** The Mother shall have custody of the child from each Monday at the end of the child's school day, or at 6:00 p.m., if no school, through Thursday at the end of the school day, or if no school at 6:00 p.m. The Father shall have custody of the child from Thursday at the end of the school day, or if no school at 6:00 p.m., through Monday at the end of the child's school day, or if no school, at 6:00 p.m.

The Residential Schedule shall continue to alternate on a week-to-week basis[.]

On September 5, 2024, Mother filed a petition to modify the September 14, 2021, parenting plan. Mother averred that the parties had deviated from the parenting plan and followed a de facto plan from 2021 through May 1, 2024. Mother also contended that beginning on May 1, 2024, Father exercised parenting time every Friday to Sunday and beginning on June 14, 2024, Father exercised parenting time every Friday to Monday during the summer. In support of her petition, Mother alleged that there had been substantial changes in circumstances. Specifically, she maintained that Father had relocated to Athens, Ohio in March or April of 2024, that Father's parents had been exercising his parenting time for over a year, that Father had very little parenting time of his own with the child, that Father continued to use marijuana, and that the child had been returned to Mother from Father's home on numerous occasions smelling of marijuana.

Mother's modified parenting plan proposed that Father have parenting time every other weekend from Friday until Sunday during the school year, that Father have parenting time every first, third, and fourth weekend during the summer from Friday until Monday, that the child be with Mother at all times other than those reserved for Father, and that Father refrain from using any drugs or alcohol during his parenting time. Mother also proposed a holiday schedule and that the parent exercising parenting time be responsible for picking the child up from the other parent's residence or a mutually agreed upon location.

On November 25, 2024, Father filed an answer to Mother's petition. Father admitted that he relocated to Athens, Ohio, in March or April of 2024, denied that the parties had been following a de facto parenting plan from 2021 to May 1, 2024, denied that he started exercising parenting time every Friday to Sunday beginning on May 1, 2024, and admitted that he exercised parenting time every Friday to Monday beginning on June 14, 2024, during the summer. Father also admitted that his parents had been exercising his parenting time for over a year. Further, Father contended that while he had a history of alcohol abuse,

he never abused drugs and had been sober for more than five years. Regarding Mother's allegations of Father's marijuana use, Father maintained that he had a medical marijuana card issued by the State of Ohio and adhered to the medical marijuana laws and regulations of Ohio.

By order entered February 12, 2025, the family court ordered the parties to conduct a settlement conference prior to the final hearing on Mother's petition. The court temporarily awarded Father parenting time every Friday through Sunday. After an unsuccessful settlement conference, the family court held a final hearing on Mother's petition on April 3, 2025.

On May 28, 2025, the family court entered a final order modifying the previous parenting plan and ordered as follows: Father was granted parenting time every weekend during the school year from Friday at 5:00 p.m. until Sunday at 5:00 p.m., except for the fifth weekend of any month, during which time the child would remain in Mother's care. During the summer break, Father was granted parenting time from Sunday at 5:00 p.m. until Friday at 5:00 p.m. each week and Mother was granted parenting time every weekend from Friday at 5:00 p.m. until Sunday at 5:00 p.m., except for the fifth weekend of any month during which time the child would remain in Father's care.

The family court essentially "flipped" the school and summer parenting time schedules. The court also ordered that Father be responsible for all custody transportation. All other provisions of the final order relating to custody were to remain in full force and effect. It is from this May 28, 2025, final order modifying the September 14, 2021, parenting plan that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother argues one assignment of error. She contends that the family court's order failed to include specific findings of fact and conclusions of law to support the court's decision to extend parenting time with Father. In support of her argument, Mother avers that the family court's order is devoid of any facts or analysis the court

3

considered in its determination and that no evidence was taken regarding the allegations in her petition. Specifically, she maintains that the family court failed to consider the travel distance between the parties' residences, Father's marijuana use, and the parties' alleged de facto parenting arrangement. We agree.

Modifications of parenting plans based on a substantial change in circumstances are governed by West Virginia Code § 48-9-401 (2022), which provides, in part, that:

> (a) [A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

> (d) For purposes of subsection (a) of this section, the occurrence or worsening of a limiting factor, as defined in § 48-9-209(a) of this code, after a parenting plan has been ordered by the court constitutes a substantial change of circumstances and measures shall be ordered pursuant to § 48-9-209 of this code to protect the child or the child's parent.

Rule 20 of the Rules of Practice and Procedure for Family Court states that "[w]ith the exception of hearings on temporary relief, no hearing shall be conducted exclusively by the presentation of evidence by proffer." The Supreme Court of Appeals of West Virginia ("SCAWV") has continuously emphasized that a modification of a parenting plan requires both, "a substantial change has occurred in the circumstances of the child or of one or both parents" and that the modification is "necessary to serve the best interests of the child." *See Czaja v. Czaja,* 208 W. Va. 62, 537 S.E.2d 908 (2000).

Further, to properly review an order of a family court:

> [t]he order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented. *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record.") "Where the lower tribunals fail to meet this standard – i.e. making only general, conclusory, or inexact findings – we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

4

Here, upon review, the family court's order contains no findings of fact or conclusions of law. Specifically, there is no discussion regarding whether there was a substantial change in circumstances or if the modification is in the children's best interest. The order merely sets forth a modified parenting plan schedule that the court determined appropriate. Such conclusory rulings do not convey the family court's factual basis or legal reasoning for modifying custodial allocation sufficient for meaningful appellate review.

Accordingly, we vacate the May 28, 2025, order and remand this matter to the family court with directions to conduct a full evidentiary hearing and enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review in accordance with West Virginia Code §§ 48-9-102a (2022), 48-9-401 (2022), and 48-9-209 (2024). The May 28, 2025, final order is hereby converted into a temporary order until the entry of a new order consistent with this decision is issued by the family court.[4]

Vacated and Remanded.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] Upon remand, the family court may reach the same conclusion. However, the family court must provide findings of fact and conclusions of law articulating a sufficient analysis underlying its determination.